UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 273**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DONGBU INSURANCE CO., LTD.
1010 Northern Boulevard
Suite 238
Great Neck, New York 11021

MASSACHUSETTS BAY INSURANCE CO.           CIVIL CASE NO.
10 Corporate Drive
Suite 200                                 JUDGE SEIBEL
Bedford, New Hampshire 03110

ENCOMPASS HOME AND AUTO INSURANCE CO.     NOTICE OF REMOVAL
3075 Sanders Road                         (Jury Trial Demanded)
Suite H1A                                 Orange County
Northbrook, IL 60062                      State Court
                                          Index No.: 00248/14

v.

BROAN-NUTONE
926 W. State Street
Hartford, Wisconsin 53027

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Broan-NuTone, LLC ("Broan"), by its attorneys, Lynch Rowin LLP, hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of Orange, to the United States District Court for the Southern District of New York and alleges as follows:

      1.      Plaintiff Dongbu Insurance Co., Ltd. is a Korean corporation with its

1

principal place of business in Seoul, Korea.

2. Plaintiff Massachusetts Bay Insurance Co. is a New Hampshire corporation with its principal place of business at 10 Corporate Drive, Suite 200, Bedford, New Hampshire 03110.

3. Plaintiff Encompass Home and Auto Insurance Co. is an Illinois corporation with its principal place of business at 3075 Sanders Road, Suite H1A, Northbrook, Illinois 60062.

4. Broan is a Delaware a limited liability company with its principal place of business at 926 W. State Street, Hartford, WI 53027. Broan was served with the summons and complaint (annexed hereto as Exhibit A) on April 2, 2014.

5. Nortek, Inc., is the sole member/owner of Broan. Nortek, Inc. is a Delaware corporation with its principal place of business at 50 Kennedy Plaza, Providence, Rhode Island 02903.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), and Local Civil Rule 81.1, in that there is diversity of citizenship and plaintiffs are claiming damages in excess of $75,000, exclusive of interests and costs.

7. This action may be removed pursuant to 28 U.S.C. § 1441(b), in that this Court has original jurisdiction of this action and no defendant or plaintiff is a citizen of New York.

8. The date of this notice is within 30 days of the date of plaintiffs' service of the summons and complaint.

Dated: New York, New York
April 8, 2014

> LYNCH ROWIN LLP
> *Attorneys for Broan-NuTone LLC*
>
> By: _____
> Thomas P. Lynch (TL4365)
> 30 Vesey Street, 8th Floor
> New York, New York 10007
> Telephone: (212) 682-4001
> Facsimile: (646)688-3616
> tlynch@lynchrowin.com

TO: COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215)665-2126
Attorneys for Plaintiff Dongbu Insurance Company, Ltd.

WHITE AND WILLIAMS LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
(215)864-6322
Attorneys for Plaintiffs Massachusetts Bay Insurance Co. and Encompass Home and Auto Insurance Co.

3



TO: **THE COUNTY CLERK OF ORANGE COUNTY**

Application for **INDEX NUMBER** pursuant to
Section 8018 of CPLR

xx ___ SUPREME
___ COUNTY COURT
___ NO FEE

2014  002248

*APPLICANT MUST COMPLETE THE SPACE BELOW*
*TYPE OR PRINT*
**FULL TITLE OF** ACTION OR PRECEEDING:

Dongbu Insurance Co., Ltd. and
Massachusetts Bay Insurance Co. and
Encompass Home and Auto Insurance Co.
**VS**

Broan-Nutone

FILED MAR 20 2014 ORANGE COUNTY CLERK

Daniel Q. Harrington, Cozen O'Connor, 1900 Market St., Phila., PA 19103
Edward A. Jaeger, Jr., White and Williams, LLP, One Penn Plaza, 250 W. 34th St., Ste. 4110
New York, NY 10119

Name and Address of Attorney for Plaintiff or Petitioner

_____
Name and Address of Attorney for Defendant or Respondent

_____
Signature of Applicant

**SUBMITTED PAPERS ARE:** (Please check below)

xx Summons & Complaint           ___ Order to Show Cause

___ Summons w/Notice              ___ Poor Person Afft./Atty's Cert.

___ Notice of Petition            ___ Other: _____

___ Petition

**SPACE BELOW FOR OFFICE USE ONLY**

REQUISTIONED BY: _____     DATE: _____

_____       DATE: _____

_____       DATE: _____

DATED: March 16, 2014

COZEN O'CONNOR

By: Daniel Q. Harrington
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2126
Fax:    (215) 701-2126
E-mail: dharrington@cozen.com

Attorneys for Plaintiff Dongbu Insurance Company, Ltd.

WHITE AND WILLIAMS LLP

Edward A. Jaeger, Jr.
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, New York 10119
Phone: 215) 864-6322
E-mail: jaegere@whiteandwilliams.com
NY Bar Number: 4638144

Attorneys for Plaintiffs Massachusetts Bay Insurance Co. and Encompass Home and Auto Insurance Co.

Date of Filing: March  , 2014
Index Number:

Plaintiff Designates Orange
County as the place of trial.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

2014 002248

---

DONGBU INSURANCE CO., LTD.
1010 Northern Boulevard
Suite 238
Great Neck, New York 11021

**SUMMONS**

MASSACHUSETTS BAY INSURANCE CO.
10 Corporate Drive
Suite 200
Bedford, New Hampshire 03110

ENCOMPASS HOME AND AUTO INSURANCE CO.
3075 Sanders Road
Suite H1A
Northbrook, IL 60062

                    Plaintiffs

v.

BROAN-NUTONE
926 W. State Street
Hartford, Wisconsin 53027

                    Defendant

---

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

DONGBU INSURANCE CO., LTD.
1010 Northern Boulevard
Suite 238
Great Neck, New York 11021

MASSACHUSETTS BAY
INSURANCE CO.
10 Corporate Drive
Suite 200
Bedford, New Hampshire 03110

ENCOMPASS HOME AND AUTO
INSURANCE CO.
3075 Sanders Road
Suite H1A
Northbrook, IL 60062

       Plaintiffs,

v.

BROAN-NUTONE
926 W. State Street
Hartford, Wisconsin 53027

       Defendant.

---

Index No.:

**COMPLAINT**

2014 002248

FILED MAR 26 2014

**JURY TRIAL DEMANDED**

  Plaintiffs, Dongbu Insurance Co., Ltd. ("Dongbu"), Massachusetts Bay Insurance Co. ("MBIC"), and Encompass Home and Auto Insurance Co. ("Encompass"), as and for their Complaint against Defendant, Broan-Nutone, LLC, allege the following:

  1. Dongbu is an insurance corporation duly organized and existing under the laws of the Republic of Korea which, at all times material, maintained an office at 1010 Northern Boulevard, Suite 238, Great Neck, New York 11021.

  2. At all times material hereto, Dongbu was authorized to issue policies of property insurance in the State of New York.

13162126v.1

3. At all times material, Dongbu insured a condominium building owned by Hakiryah Condominium No. 1 ("Hakiryah") located at 6 Premishlan Way, Monroe, New York (the "Subject Premises") under Dongbu's policy number NBP 122388300 (the "Subject Dongbu Policy").

4. MBIC is an insurance corporation duly organized and existing under the laws of the State of New Hampshire which, at all times material, maintained an office at 10 Corporate Drive, Suite 200, Bedford, New Hampshire 03110.

5. At all times material hereto, MBIC was authorized to issue policies of property insurance in the State of New York

6. At all times material, MBIC's insured, Barusch Wieser, owned condominium unit 301 at the Subject premises.

7. At all time material, MBIC insured Mr. Wieser for his real and/or personal property at unit 301, under MBIC policy number HVS-4461327-04 (the "Subject MBIC Policy").

8. Encompass is an insurance corporation duly organized and existing under the laws of the State of Illinois which, at all times material, maintained an office at 3075 Sanders Road, Suite H1A, Northbrook, Illinois 60062.

9. At all times material hereto, Encompass was authorized to issue policies of property insurance in the State of New York

10. At all times material, Encompass' insureds, Nachman Friedman and Dina Friedman, rented condominium unit 201 at the Subject Premises.

11. At all time material, Encompass insured Mr. and Mrs. Friedman for their real and/or personal property at unit 201, under Encompass policy number 281258748 (the "Subject Encompass Policy")

12. Defendant, Broan-Nutone LLC ("Broan"), is a company duly organized and existing under the laws of Wisconsin, with its principal place of business located at 926 West State Street, Hartford, WI 53027.

13. At all times relevant hereto, defendant Broan was in the business of manufacturing and supplying bathroom exhaust fans.

14. On or about January 23, 2013, a fire started in one of the condominium units in the Subject Premises (the "Subject Fire").

15. The fire at the Subject Premises originated at or around and was caused by a defective bathroom exhaust fan manufactured and placed into the stream of commerce by Broan.

16. As a proximate result of the fire, the Subject Premises were destroyed.

17. Hakiryah duly made claim under the Subject Dongbu Policy for the damages Hakiryah sustained which resulted from the Subject Fire.

18. Dongbu has made payments under the Subject Dongbu Policy to, or for the benefit of Hakiryah, in the amount of $1,825,471.01 for damages which resulted from the Subject Fire, and may be called upon to make additional payments.

19. Under and pursuant to the terms of the Subject Dongbu Policy, and otherwise by operation of law, Dongbu is contractually, legally and equitably subrogated to Hakiryah's rights against defendant Broan.

20. Mr. Wieser duly made claim under the Subject MBIC Policy for the damages Mr. Wieser sustained which resulted from the Subject Fire.

21. MBIC has made payments under the Subject MBIC Policy to, or for the benefit of Mr. Wieser, in the amount of $206,599.00 for damages which resulted from the Subject Fire, and may be called upon to make additional payments.

22. Under and pursuant to the terms of the Subject MBIC Policy, and otherwise by operation of law, MBIC is contractually, legally and equitably subrogated to Mr. Wieser's rights against defendant Broan.

23. Mr. and Mrs. Friedman duly made claim under the Subject Encompass Policy for the damages Mr. and Mrs. Friedman sustained which resulted from the Subject Fire.

24. Encompass has made payments under the Subject Encompass Policy to, or for the benefit of Mr. and Mrs. Friedman, in the amount of $97,900.00 for damages which resulted from the Subject Fire, and may be called upon to make additional payments.

25. Under and pursuant to the terms of the Subject Encompass Policy, and otherwise by operation of law, Encompass is contractually, legally and equitably subrogated to Mr. and Mrs. Friedman's rights against defendant Broan.

## COUNT I – STRICT LIABILITY

26. Plaintiffs incorporate by reference paragraphs "1" through "25" as though fully set forth at length herein.

27. Broan designed, manufactured, supplied and/or distributed into the stream of commerce a defective, unreasonably dangerous product, posing an extreme and unreasonable risk of fire ignition and damage to users and consumers.

28. As a direct and proximate result of the defective condition of the bathroom exhaust fan, Hakiryah, Mr. Wieser, and Mr. and Mrs. Friedman suffered substantial losses, for which defendant Broan is strictly liable in tort.

## COUNT II – NEGLIGENCE

29. Plaintiffs incorporate by reference paragraphs "1" through "28" as though fully set forth at length herein.

30. The Subject Fire and resultant damages were caused by the negligent acts and omissions of Broan, acting by and through its agents, servants and employees, including but not limited to negligence in the following particulars:

   (a) Designing, manufacturing, selling or distributing a defective bathroom exhaust fan;

   (b) Failing to provide adequate thermal protection in the fan motor;

   (c) Failing to provide adequate coil insulation in the fan motor;

   (d) Failing to warn of the risk of fire created by the bathroom exhaust fan;

4

13162126v.1

(e) Failing to design the fan properly and safely;

(f) Failing to manufacture the fan properly and safely;

(g) Failing to comply with industry standards for the proper design and manufacture of the fan;

(h) Failing to warn consumers of the dangers associated with the use of the bathroom exhaust fan once they became known to Broan after the sale of the product; and

(i) Otherwise failing to exercise due care in the design, manufacture, sale or distribution of the ceiling exhaust fan.

WHEREFORE, plaintiffs Donbu Insurance Co., Ltd., Massachusetts Bay Insurance Co., and Encompass Home and Auto Insurance Co., demand judgment in their favor and against defendant Broan, for damages sustained as a direct and proximate cause of the Subject Fire, together with pre and post-judgment interest and costs thereon as provided by law.

Dated: March 16, 2014

        COZEN O'CONNOR

By: _____
Daniel Q. Harrington
1900 Market Street
Philadelphia, PA 19103
Phone: 215-665-2126
Fax: 215-253-6782
E-mail: dharrington@cozen.com
*Attorneys for Plaintiff*
*Dongbu Insurance Co. Ltd.*

WHITE AND WILLIAMS LLP

By: *Edward A. Jaeger, Jr.*
Edward A. Jaeger, Jr., Esquire
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
(215) 864-6322
jaegere@whiteandwilliams.com
NY Bar Number: 4638144
*Attorneys for Plaintiffs*
*Massachusetts Bay Insurance Co., and*
*Encompass Home and Auto Insurance Co.*

6

13162126v.1